and we'll hear from counsel in Columbia Aircraft Sales v. Piper Aircraft. May it please the court. I'm Richard Zuckerman. I represent petitioner Columbia Aircraft Sales. I respectfully ask permission to reserve one minute for rebuttal. The dispositive issue on this petition for mandamus is simple. There's a forum selection clause in a franchise agreement from the Connecticut Franchise Act, an act which gives franchisees a non-waivable right to sue their franchisors in Connecticut. The answer is no. The Franchise Act trumps the forum selection clause, not the other way around. The Connecticut Franchise Act, the CFA, grants franchisees such as Columbia not only the non-waivable right to bring claims under the CFA, but the non-waivable right to have those claims determined by a court in Connecticut. That embodies a strong public policy of the state of Connecticut to protect Connecticut franchisees from abuse and to prevent franchisors from unfairly exercising economic leverage over franchisees, including through forum selection clause, and should have denied Respondent Piper's section 1404 motion to transfer this action to the Southern District of Florida. In its opposition, Piper relies extensively on the Supreme Court's decision in Atlantic Marine, which held that forum selection clauses should be enforced except in, quote, unusual cases, unquote. But Atlantic Marine explicitly stated, and this is in footnote 5, that, quote, our analysis presupposes a contractually valid forum selection clause, unquote. Here, the forum selection clause is void under state law. And this court's decision in Martinez against Bloomberg, decided a month after Atlantic Marine, made clear that Atlantic Marine did not undermine the principle that federal courts should not if enforcement would contravene a strong public policy of the forum in which the suit is brought. The non-waiver provision of the CFA is unambiguous. Quote, any waiver of the rights of a franchisee under, and it lists the sections, which is contained in any franchise agreement, entered into or amended on or after June 12, 1975, shall be void, unquote. The non-waiver provision applies to any waiver and applies to the rights, not just some waivers and not just some rights under the CFA. One of those statutory rights of a franchisee is the right to bring a CFA action in the superior court. Quote, any franchisee may bring an action for violation of, and then it lists the sections, inclusive. In the superior court, to recover damage is sustained by reason of such violation. This section does not merely grant franchisees the right to bring an action for violation of the CFA. It grants franchisees the right to bring an action asserting CFA claims in the superior court in Connecticut. The district court's holding that the phrase, quote, in the superior court, unquote, might've been intended only to communicate the fact that the Connecticut legislature could not regulate the jurisdiction of the courts of other states, would render the phrase in the superior court superfluous. And that is contrary to the fundamental principle of statutory construction that all provisions in the statute should have meaning. I respectfully ask that I reserve my remaining time for rebuttal and we request that the court grant the petition for writ of mandamus. Thank you, your honors. Thank you. And I turned to my colleagues in case they have any questions for counsel. No, we can go on. All right. I have a quick question, which is your argument that the statute says that there's a non-waivable right to have the claim heard by the Connecticut state court. Does that mean it couldn't be removed to federal court if say the defendant moved to remove? No, because the supremacy clause means that the removal statute in the judicial code overrides a state provision that said an action should be in the superior court in Connecticut. But it does mean that the action should stay in Connecticut, either in state court or if it's properly removed in federal court. Okay. Good afternoon. I take it that it's my time. This is Peter Shapiro from the Smith. I'm opposing the mandamus petition. I'd like to focus initially on the fact that we're here on a mandamus petition. The ultimate question before this court today is whether, bearing in mind the exceptional nature of mandamus, you're left with the firm conviction that the district court's view of the law was incorrect. And this court has been particularly deferential in the context of form transfer motions involving contractual choice of law provisions, as exemplified by the Red Bull versus Best Western decision. That deference is even more clearly called for today in light of the Supreme Court's Atlantic Mutual decision, which directed that transfer motions based on such provisions should be granted absent extraordinary circumstances. As the district court held correctly here, the interest of justice is best served by holding parties to the benefits of their bargains. There is no reason to grant the writ here, given Piper's inability to show that the petition presents a legal issue whose resolution will aid in the administration of justice. This case can be readily litigated in the transferee court. Many other courts have franchise act claims. They've been litigated in arbitrations, and they've obviously been litigated in places other than the Connecticut Superior Court, which is what is designated by this statute in question. The petition relies on the Supreme Court's Bremen decision, and it has presented the claim that this clause, which is freely agreed upon, is broad and is mandatory and was present in a series of contracts to which Piper freely assented and never sought to amend over the party's decades-long relationship, violates the strong public policy, even given that Connecticut may have been motivated to protect disadvantaged individual Connecticut citizens who signed franchise agreements with out-of-state franchisees. Piper's hardly a worthy candidate for special protection. We have here a large entity that operates as a dealer for Columbia in eight states. It could have arbitrarily selected any of those states' franchise laws to assert its claim under, and this case should not be held up in the District of Connecticut solely by virtue of the fact that one of those state franchise laws has been selected when that issue can be readily litigated in the transferee court. There is an argument in the petition or reply papers that it's not necessarily the case that granting the petition here would result in the entire case being litigated in the District of Connecticut. I think that if you look at the practicalities of it, if the court were to hold that this Connecticut Franchise Act claim must be litigated in Connecticut, the courts would be very disinclined to rule that they should engage in parallel proceedings with some parts of the case being litigated in Connecticut and some parts being litigated in Florida. As a practical matter, if the court were to grant this petition, the end result would be that the freely agreed-upon form selection clause would be effectively neutered, and it's our position that, as set forth in our papers, there is no strong Connecticut public policy that requires that result. As the district court correctly ruled here, the provisions of the statute are precatory. There's no mandatory requirement that only a Connecticut court hear these claims. The wording is that the case may be brought in Connecticut. If it may be brought in Connecticut, it may be brought elsewhere, and it's perfectly appropriate for it to be litigated elsewhere, given the forum selection clause that everyone has freely agreed upon and relied upon. As the soft, not a strong public policy here, that's particularly appropriate. I would also note that to the extent the petition relies on older district court cases holding that there's a soft public policy. What is the soft public policy interest of Connecticut? Is it in having the claims heard in Connecticut or having them brought in Connecticut court? I think it's that they provide a forum and a private right of action, but they don't make it mandatory that it be litigated in Connecticut. For that reason, I'd characterize it as a soft, not a strong public policy, and that's the tack that the district court correctly took as well in rendering its decision. To the extent the petition relies on some older district court cases, those cases, at least two of them, do hold that the provision of the statute does not necessarily render a forum selection clause void. They merely weighed that as one of the factors to be considered, but it's important to keep in mind that when they weighed those factors years ago, it was before the Atlantic Marine decision, which held that the courts must evaluate this under 144A, not under Rule 12, as had been done in the past. As we've stated, there's a strong presumption that the forum selection clause will be enforced absent extraordinary circumstances. I would submit in closing that there are no such extraordinary circumstances here. Thank you, Mr. Shapiro. Mr. Zuckerman, you reserve one minute. Thank you, Your Honors. Let me briefly address the standards for mandamus. First, the possibility of an appeal from the Southern District of Florida to the 11th Circuit where this case transferred to the Southern District of Florida, following a final judgment in that court, could not possibly remedy the violation of Columbia's non-waivable rights to have a CFA claim determined in Connecticut. Second, this transfer order, unlike most 1404 orders, was not a discretionary decision based on the valuation of the convenience of parties and witnesses. It was instead a decision of law, and we respectfully submit that the decision was wrong and that Columbia's right to mandamus relief is clear. And finally, whether the issuance of a writ is appropriate under the circumstances. The district court's ruling, if left uncorrected, would apply to all Connecticut franchisees, not just for Columbia, and it will diminish the effectiveness of the CFA. And other cases in which this issue arose also could only be reviewed on either a certification for an interlocutory appeal or by writ of mandamus, and it's appropriate for this court to issue a writ of mandamus in this case. Thank you, Your Honors. Thank you very much, Mr. Zuckerman. We'll reserve the decision.